```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
In re:

     OLABELL SAMUEL,                          MEMORANDUM & ORDER
                                              07-CV-2311 (JS)
                                              07-CV-2815 (JS)
                    Debtor.
----------------------------------X
```

APPEARANCES:

| | |
|---|---|
| For Appellant | Olabell Samuel, Pro Se<br>20 Carol Street<br>Lakeview, New York 11552 |
| For Appellee | Amy E. Przewozny, Esq.<br>Steven J. Baum, P.C.<br>220 Northpointe Parkway, Suite G<br>Buffalo, New York 14228 |

SEYBERT, District Judge:

On July 12, 2007, pro se Olabell Samuel ("Appellant" or "Samuel") appealed from an order by United States Bankruptcy Judge Stan Bernstein lifting the automatic stay provisions of 11 U.S.C. § 362(a). Samuel's appeal also requests that this Court stay a scheduled foreclosure action until a decision is reached in an unrelated civil action, No. 01-MC-108, currently pending before Senior Judge Frederic Block. For the reasons stated below, the decision of the Bankruptcy Court is AFFIRMED, and Appellant's request for a stay is DENIED.

### BACKGROUND

On January 11, 2007, Samuel filed a voluntary Chapter 13 bankruptcy petition pursuant to 11 U.S.C. § 1301. Mortgage Electronic Registration Systems, Inc., c/o Indymac Bank, F.S.B. ("MERS" or Appellee") filed a notice of appearance in the

bankruptcy case on January 23, 2007. MERS was the holder of a note, dated August 20, 2004, issued to Samuel in the amount of $280,000.00. The note was secured by a mortgage on Samuel's residence, located at 20 Carol Street, Lakeview, New York. Under the terms of the parties' agreement, Samuel was required to make monthly payments of approximately $2,016.20 on the note. Samuel failed to make the monthly payments, prompting MERS to initiate a foreclosure action in the Supreme Court of the State of New York, Nassau County.

On April 9, 2007, Bankruptcy Judge Bernstein converted Samuel's Chapter 13 filing to a Chapter 7 petition due to deficiencies found in the Chapter 13 filing. Thereafter, MERS filed a motion for relief from the automatic stay provisions of 11 U.S.C. § 362(a), which prevented MERS from foreclosing on the property during the pendency of the bankruptcy action. MERS argued that it was entitled to relief because it lacked adequate protection for its interest in the mortgaged property. The Bankruptcy Court held a hearing on May 15, 2007, in which both sides had an opportunity to be heard, and granted MERS's motion to lift the stay on June 12, 2007. Samuel appealed Judge Bernstein's order on July 12, 2007.[1]

---

[1] The Notice of Appeal was docketed with this Court on August 13, 2007, and on that date, Samuel was informed that she had fifteen days to file and serve an appellant brief pursuant to Rule 8009 of the Federal Rules of Bankruptcy Procedure. After fifteen days had passed, and Samuel had not yet filed her brief,

2

DISCUSSION

I. The Bankruptcy Court's Order

Bankruptcy courts have discretion to lift an automatic stay issued under 11 U.S.C. § 362(d). See In re Watkins, No. 06-CV-1341, 2008 U.S. Dist. LEXIS 20377, at *7 (E.D.N.Y. March 14, 2008). On appeal, a district court may reverse a bankruptcy court order lifting an automatic stay only upon a showing that the bankruptcy court abused its discretion. See In re Sonnax Indus., 907 F.2d 1280, 1286 (2d Cir. 1990) ("[T]he decision of whether to lift the stay is committed to the discretion of the bankruptcy judge.") (internal citations and quotations omitted); see also Town of Hempstead Employees. Fed. Credit Union v. Wicks (In re Wicks), 215 B.R. 316, 320 (E.D.N.Y. 1997).

"The bankruptcy court's legal conclusions are evaluated de novo; its findings of fact are subject to a clearly erroneous standard." Momentum Mfg. Corp. v. Employee Creditors Comm. (In re Momentum Mfg. Corp.), 25 F.3d 1132, 1136 (2d Cir. 1994); see also In re PCH Assoc., 949 F.2d 585, 597 (2d Cir. 1992). "A finding of

---

the Court issued an order granting Samuel until February 25, 2008 to file her brief. On February 19, 2008, Samuel's son, Tracey Himmel ("Himmel") wrote to this Court informing the Court that Samuel had already submitted her brief, and that the brief was docketed under case number 07-CV-2311, rather than under the docket number for the pending bankruptcy appeal. Because Samuel entitled her brief as "Notice of Emergency Motion For Various Relief on Bankruptcy Appeal to United States District Court," the Clerk of the Court understandably believed that Samuel wished to initiate a second civil action, and therefore opened a new docket number with Samuel's brief.

3

fact is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Robbins Int'l, Inc. v. Robbins MBW Corp. (In re Robbins Int'l, Inc.), 275 B.R. 456, 464-65 (S.D.N.Y. 2002) (internal quotations, citations omitted).

Under 11 U.S.C. Section 362(d)(1), a bankruptcy court may lift the automatic stay provision "[o]n request of a party in interest and after notice and a hearing, . . . for cause, including the lack of adequate protection of an interest in property of such party in interest." See also Town of Hempstead Emples. Fed. Credit Union v. Wicks (In re Wicks), 215 B.R. 316, 321 (E.D.N.Y. 1997). The movant bears the initial burden of showing that cause exists to lift the automatic stay. See id.

In its motion for relief from the automatic stay, MERS stated that Samuel failed to make payments due on the note in February, March, and April 2007, that there was an unpaid principal balance due in the amount of $279,049.87, plus $43,480.80 in interest, $956.54 in late fees, and $11,956.61 in escrow advances, for a total of $335,452.82, and that the property was valued at $400,000. MERS argued that it did not have adequate protection for its security interest, and that it was receiving insufficient income on the note and mortgage to pay real estate taxes and hazard insurance. MERS further alleged that its interest in the premises

continued to diminish as each installment period passed and Samuel continuously failed to make her payments. In response, Samuel did not deny her inability to pay the over-$2000 monthly payments, and instead admitted that she was unable to make the payments on her approximately $1,330 monthly retirement income. Samuel did, however, argue that MERS had an adequate security interest in the property because the house was worth $415,000, and not $400,000 as MERS stated, and therefore the value of the house sufficiently exceeded the amount of debt. However, Samuel did not file an official appraisal or any other record verifying that the house was valued at $415,000. After holding a hearing on the issue, Judge Bernstein ruled in favor of MERS and lifted the automatic stay, enabling MERS to foreclose on the property.

On appeal, Samuel does not allege any facts that would convince this Court that the Bankruptcy Court abused its discretion. Rather, Samuel discusses with great detail the foreclosure action brought by MERS in the Supreme Court of the State of New York, Nassau County. Samuel alleges that there were several errors during that action, including improper service and inadequate representation by counsel, and states that she commenced the bankruptcy action "in an effort to stop the "scheduled January 16, 2007 absolutely unjust and improper auction sale of [her] home because of said foreclosure action." (Not. of Emergency Mot. for Various Relief on Bankruptcy Appeal to United States District Court

at ¶ 8.) Samuel's brief alleges that Bankruptcy Judge Bernstein "very oddly, unjustly, improperly, and maliciously verbally vacated the automatic stay for [the] Chapter 7 bankruptcy case during a court hearing about it."[2] (Id. ¶ 8). According to Samuel, the order was a "bad faith, abuse of discretion, and clearly erroneous one." (Id.) Samuel does not allege, and the Court does not find, any facts supporting Samuel's contention that Judge Bernstein acted in bad faith or otherwise abused his discretion. See Green Point Bank v. Treston, 188 B.R. 9, 12 (S.D.N.Y. 1995) (holding that bankruptcy court did not abuse discretion in lifting automatic stay where debtor "had a long history of being unable or unwilling to make post-petition payments," demonstrating that bank did not have adequate protection in the property). Accordingly, the Order of the Bankruptcy Court lifting the automatic stay is affirmed.

---

[2] Samuel also argues that MERS should not be allowed to foreclose on the property because Samuel allegedly was improperly served in the state court proceedings. However, Samuel already made these arguments before the Honorable Eric N. Vitaliano when she attempted to remove the state court proceeding to federal court. Judge Vitaliano remanded the action back to state court because the Court lacked jurisdiction under the Rooker-Feldman doctrine. See Mortgage Electronic Registration Systems, Inc. et al. v. Samuel et al., No 06-CV-3109 (ENV). Samuel may not now attempt to re-argue that she was improperly served in the state court action. As with the removal action, this Court lacks jurisdiction to hear Samuel's arguments regarding the unfavorable state court foreclosure action. See Bridgewater Operating Corp. v. Feldstein, 346 F.3d 27, 29 (2d Cir. 2003) ("The Rooker-Feldman doctrine provides that, because only the United States Supreme Court may review a final decision of a state court, federal district courts do not have jurisdiction over claims that have already been decided, or that are "inextricably intertwined" with issues that have already been decided, by a state court.").

II. <u>Request For A Stay</u>

Samuel asks that the Court stay foreclosure of the property until a decision is made in a civil action brought by her son, Tracey Himmel, against various individuals, including police officers and Assistant District Attorneys, alleging that the defendants falsely arrested Himmel and violated his civil rights. <u>See</u> <u>Himmel v. Ridgley, et al.</u>, No. 01-mc-0108 (FB). The Court does not find any reason to stay the foreclosure action or otherwise alter the Bankruptcy Court's decision on the basis of an unrelated civil action brought by a plaintiff who is not the appellant in this case and against defendants who are not parties to this action. Appellant's request for a stay is therefore DENIED.

<u>CONCLUSION</u>

For the reasons set forth herein, the Order of the Bankruptcy Court is AFFIRMED, and Appellant's request for a stay is DENIED. The Clerk of the Court is directed to mark matters 07-CV-2311 and 07-CV-2815 as closed.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
March <u>31</u>, 2008